UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**ENTERED**

SEP 2 0 2002

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

KOOR AN NUR OF KATIE MARY )
BROWN, a/k/a ERIC D. HOLMES, )
)
Plaintiff, )
vs. )   No. 1:02-cv-1317-DFH
)
CYNTHIA EMKES, et al., )
)
Defendants. )

## ENTRY DISCUSSING COMPLAINT AND DIRECTING ENTRY OF JUDGMENT

### I.

#### A.

The plaintiff's request to proceed *in forma pauperis* is **granted.** Not even a partial payment of the filing fee is feasible at this time.

#### B.

Eric Holmes was convicted in an Indiana state court of two counts of murder, one count of attempted murder, and one count of robbery. *Holmes v. State,* 671 N.E.2d 841 (Ind.1996), *reh'g denied,* (1997), *cert. denied,* 522 U.S. 849(1997). He alleges in this civil rights suit that he was improperly convicted and sentenced as a result of a multitude of improper actions. He seeks damages and injunctive relief which would require capital offenses to be charged in Indiana only through grand jury indictment. The defendants are Marion County, the City of Indianapolis, the Jail Commander, a former Marion County Clerk, judges who made rulings associated with Holmes' case at the pretrial and trial stages, and each member of the Indiana Supreme Court. Holmes' action is brought pursuant to 42 U.S.C. § 1983.

### II.

#### A.

The action is subject to the "screening" requirement of 28 U.S.C. § 1915A(b). "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

6

**B.**

All issues arising from Mr. Holmes' claims concerning the development of the prosecution against him or his trial would impugn the validity of his convictions. The same is true of the appellate review of his conviction by the Indiana Supreme Court. Neither his convictions nor his sentences, as they now stand, have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). In *Heck,*

> [t]he Supreme Court framed the question before it as "whether money damages premised on an unlawful conviction could be pursued under § 1983." In answering that question in the negative, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486-87[ ]. Thus, under *Heck,* a § 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487[ ].

*Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896-97 (7th Cir. 2001). Mr. Holmes cannot proceed with his claims in the present case in the face of *Heck* and the admitted circumstances of his situation.

**III.**

The action thus must be dismissed. *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 78 (7th Cir. 1992) (if a plaintiff pleads facts which show that he has no claim, then he has pleaded himself out of court). Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 9/20/02